# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Chambers of**<br>**Leda Dunn Wettre**<br>United States Magistrate Judge | Martin Luther King Federal Building<br>& U.S. Courthouse<br>50 Walnut Street<br>Newark, NJ 07101<br>(973) 645-3574 |

**December 10, 2020**

To:   All counsel and parties of record

### LETTER OPINION AND ORDER

**RE:**   *Antonio Crincoli v. Geico Insurance Company, et al.*
**Civil Action No. 20-3380 (SDW) (LDW)**

Dear Counsel:

Before the Court is plaintiff Antonio Crincoli's Motion to Amend the Complaint. (ECF No. 20). Defendant Lyft, Inc. ("Lyft") opposes the motion.

The Complaint, filed in state court in September 2019 before the action was removed to this Court, alleges that plaintiff was injured in a motor vehicle accident while a pedestrian in Jersey City, New Jersey. (Compl., ECF No. 1-1). Lyft was named as a defendant on the basis that the unknown driver who allegedly struck plaintiff with his/her vehicle was a Lyft driver. (*Id*). After the matter was removed to this Court, plaintiff filed the instant motion for leave to file an amended complaint to: (1) correct the date of the alleged incident and; (2) supplement the factual allegations supporting plaintiff's claims. In its opposition, defendant Lyft argues, *inter alia*, that the proposed amended complaint fails on futility grounds.[1]

The standard under which this motion is to be assessed is well-settled. Federal Rule of Civil Procedure 15(a)(2) provides that a court should "freely give leave [to amend] when justice so requires." The ultimate decision to grant or deny leave to amend is a matter committed to the Court's discretion. *See*, *e.g.*, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1970). The Court should exercise its discretion to grant leave to amend under Rule 15(a)(2) absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

---

[1]   Although the opposition papers contend plaintiff's certification in support of his motion was procedurally improper, any purported improprieties are irrelevant to the Court's analysis, which will focus on the proposed amended complaint.

Defendant Lyft contends that the proposed amended complaint does not sufficiently allege that the unknown driver was an agent of Lyft, rendering the proposed negligence claim against it futile. The Court disagrees. A proposed amendment is futile if it would fail to state a claim upon which relief could be granted, in accordance with "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Accordingly, the claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The proposed amended complaint states that "at the time of the impact, plaintiff observed the vehicle to be a light-colored sedan with an UBER and LYFT sign present in the windshield of the vehicle" and that, upon information and belief, the unknown driver was operating the vehicle with permission of Lyft and defendant Uber Technologies, Inc. (Proposed Am. Compl. ¶¶ 2-3, ECF No. 20-8). The facts set forth in the proposed amended complaint, accepted as true as required, and viewed through the prism of notice pleading standards, sufficiently and plausibly support the allegation that the driver was operating as an agent of Lyft. *See Iqbal*, 556 U.S. at 678 (a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged") (citing *Twombly*, 550 U.S. at 556). The factual allegations – including the assertion that the vehicle had a Lyft sign in the windshield – give rise to the reasonable inference that the driver of the car was acting as an agent of Lyft at the time of the accident. *See id.* at 662 (determining plausibility "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). Although Lyft argues more detail is necessary to state a claim (for instance, allegations as to the identity of the driver, the make of the vehicle and the details of the license plate), such level of specificity in order to state a claim for agency as to Lyft is not required by Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff should be entitled to seek through discovery the further details that Lyft argues should be alleged to establish an agency relationship in fact existed. The proposed amendment is not futile.

Defendant further argues that leave to amend should be denied because of plaintiff's undue delay in seeking to supplement his factual allegations. Delay alone does not constitute grounds for denying leave to amend, and delay only becomes "undue" when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend. *See Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008). Here, plaintiff seeks to amend his complaint *for the first time* – in part to correct the date of the accident – and before the Court has set an initial scheduling conference. The case is in its infancy, defendants will suffer no prejudice in letting plaintiff supplement his factual allegations, and there is nothing to show that plaintiff's delay was undue such that leave to amend should be denied.

## **CONCLUSION**

For the reasons above, plaintiff's motion for leave to file an amended complaint is **GRANTED**. Plaintiff shall file an amended complaint within five days of this Order. The Clerk of the Court shall terminate the motion at ECF No. 20.

*s/ Leda Dunn Wettre*
Hon. Leda Dunn Wettre
United States Magistrate Judge

Orig: Clerk
cc: Hon. Susan D. Wigenton, U.S.D.J.
     Counsel of Record