<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANTONIO CRINCOLI,<br><br>                Plaintiff,<br><br>     v.<br><br>GEICO INSURANCE COMPANY, *et al.*,<br><br>                Defendants. | Case No. 2:20-cv-03380 (BRM) (JRA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court are two motions: (1) Motion for Summary Judgment by Defendants Uber Technologies, Inc. and Rasier, LLC (incorrectly pled as "Rasier, LLC, Rasier-CA, LLC, Rasier-DC, LLC, and Rasier-PA, LLC") (collectively, "Uber") (ECF No. 50); and (2) Motion for Summary Judgment by Defendant Lyft, Inc. ("Lyft") (ECF No. 49, resubmitted at ECF No. 51). Co-Defendant GEICO Insurance Company ("GEICO") opposed the Motions. (ECF Nos. 54, 61.) Uber and Lyft each filed a reply. (ECF Nos. 60, 63.) To date, Plaintiff Antonio Crincoli ("Plaintiff") has not filed an opposition to the Motions. Having reviewed the parties' submissions filed in connection with the Motions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Uber's Motion for Summary Judgment is **GRANTED**, and Lyft's Motion for Summary Judgment is **DENIED**.

**I.    BACKGROUND**

This case was filed on September 26, 2019, in the Superior Court of New Jersey, Law Division, Hudson County and was removed to this Court by Lyft on March 27, 2020. (Notice of

Removal (ECF No. 1).) In the Amended Complaint, filed December 15, 2020, Plaintiff alleges that on July 7, 2018, he was injured in Jersey City when a light-colored sedan with an Uber and Lyft sign on the windshield struck him. (ECF No. 24 at 1, ¶¶ 1–2.) Plaintiff claims the driver was operating the vehicle with the permission of, or as an agent of, Lyft and/or Uber. (*Id.* at 1–2, ¶¶ 3–5.) Plaintiff alleges he was injured as a result of the negligence of the named defendants and asserts he is entitled to personal injury protection and uninsured motorist benefits from GEICO. (*See generally id.*) On January 27, 2021, GEICO filed an Answer with cross-claims for indemnification and contribution. (ECF No. 27.)

Plaintiff testified at deposition that, while walking home with Andrew Vega, he was struck in a crosswalk by a motor vehicle between 2:00 and 2:30 AM at the intersection of Marin Boulevard and 6th Street/Thomas Gangemi Drive in Jersey City as the vehicle was turning left from Marin Boulevard.[1] (Uber SMF ¶¶ 1–2; Lyft SMF ¶¶ 3–4.) Following the collision, the driver pulled over for a moment before fleeing the scene. (Uber SMF ¶ 3; Lyft SMF ¶ 4.) Plaintiff testified the vehicle was a "white or silver" Nissan Maxima with a "TL" license plate, and he recalled seeing a "lit up" placard on the vehicle. (Lyft SMF ¶¶ 6–7.) Plaintiff could not recall what the placard's color or what it said. (Lyft SMF ¶ 8.)

Mr. Vega testified at deposition the vehicle was a Toyota Camry that "could have been a silver or a beige" colored vehicle. (Lyft SMF ¶ 10.) Mr. Vega saw both Uber and Lyft placards on the vehicle but could not recall whether either placard was illuminated. (Lyft SMF ¶¶ 11–12.)

---

[1] These background facts are taken from Uber's Statements of Material Facts ("Uber SMF") (ECF No. 50-2) and Lyft's Statement of Material Facts ("Lyft SMF") (ECF No. 51-2) pursuant to Local Civil Rule 56.1. To the extent Geico does not dispute any material facts as stated by Lyft and/or Uber, the Court will cite only to Uber SMF or Lyft SMF and the relevant paragraph numbers.

Plaintiff and Mr. Vega both testified to having observed two individuals seated in the vehicle's backseat. (Uber SMF ¶ 4.)

Todd Gaddis, a Senior Data Scientist II at Uber Technologies, Inc., stated in an affidavit that he performed the following review of Uber's records to locate a driver that may have been involved in the accident:

> I reviewed Uber's data to search for any Independent Drivers with a New York licensed-plated Nissan and Toyota vehicles associated with their account who were using the Uber App and transporting passengers at the intersection of Marin Boulevard & 6th Street/Thomas Gangemi Drive in Jersey City, New Jersey traveling southbound on Marin and turning left onto 6th/Thomas Gangemi Drive on July 7, 2018 between 2:00 A.M. and 3:00 A.M. Based on my review, there were no Independent Drivers who match this description. Accordingly, there is no indication that an Independent Driver utilizing the Driver App was involved in the alleged Subject Accident.

(Aff. of Todd Gaddis (ECF No. 50-9) ¶¶ 5–6.)

Marybeth Rice, an employee of Lyft, stated the following in an affidavit:

> 4. I am aware that . . . Plaintiff contends he was involved in an accident that occurred between 2:00 a.m. and 2:30 a.m. on July 7, 2018, at the intersection of 6th Street, Thomas Gangemi Drive, and Marin Boulevard in Jersey City, New Jersey.
>
> 5. I am aware that Plaintiff contends that a vehicle turning left from Marin Boulevard struck him on the left side of his body while he was crossing the intersection in the crosswalk causing him serious and permanent injuries (the "Accident").
>
> 6. I am aware that Plaintiff contends that the vehicle involved in the Accident was a silver, gray or light-colored four-door Nissan with New York livery plates (the "Vehicle").
>
> . . .
>
> 9. Lyft has no record of the Vehicle being active on the Lyft platform on July 7, 2018 at the time and location of the Accident.

(Aff. of Marybeth Rice (ECF No. 51-8) ¶¶ 4–9.)

On February 2, 2022, the Court entered an order permitting Lyft and Uber to file summary judgment motions. (ECF No. 42.) On March 25, 2022, Lyft and Uber filed motions for summary judgment. (ECF Nos. 49, 50, 51.) GEICO opposed Uber's and Lyft's motions on April 4, 2022 and April 18, 2022, respectively. (ECF Nos. 54, 61.) On April 11, 2022, Uber filed a reply. (ECF No. 60.) On April 25, 2022, Lyft filed a reply. (ECF No. 63.) To date, Plaintiff has not filed an opposition to either summary judgment motion.

## II.   LEGAL STANDARD

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it will "affect the outcome of the suit under the governing law." *Id.* When deciding the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence; all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party." *Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 307 n.2 (3d Cir. 1983); *Curley v. Klem*, 298 F.3d 271, 276–77 (3d Cir. 2002). In resolving a motion for summary judgment, a district court considers the facts drawn from "materials in the record," including depositions, documents, affidavits, and declarations. Fed. R. Civ. P. 56(c)(1)(A). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

### III. DECISION

Uber and Lyft both argue summary judgment is appropriate due to the absence of facts to show they owe Plaintiff a duty of care. (ECF No. 50-1 at 5–9; ECF No. 51 at 3–5.) Both contend company records demonstrate no connection between Uber or Lyft and the vehicle that struck Plaintiff. (ECF No. 50-1 at 6–8; ECF No. 51 at 4.) Specifically, Uber relies on the Gaddis affidavit, in which he attests to a data search within the parameters set by Plaintiff's and Mr. Vega's testimony about the date, time, and location of the incident and the vehicle's make (either a Nissan or Toyota), and its New York license plate. (ECF No. 50-1 at 6–7; ECF No. 50-9.) For its part, Lyft argues neither Plaintiff nor Mr. Vega knew whether the driver was active on the Lyft platform at the time of the accident, and cites to the Rice affidavit, which she attests to no record of "the Vehicle" at the time and location of the accident. (ECF No. 51 at 4.)

GEICO contends the affidavits fall short of demonstrating an absence of connection between Uber or Lyft and the vehicle. (ECF No. 54 at 6–10; ECF No. 61 at 6–10.) GEICO argues the companies did not comply with its discovery demand for the identification of *all* Uber or Lyft vehicles within 100 feet of the accident and contends such failure permits an inference Uber or Lyft vehicles were present at the scene of the accident. (ECF No. 54 at 7–8; ECF No. 61 at 8.) As to Lyft, GEICO adds the Rice affidavit does not address the vehicle description by Mr. Vega, who testified the Toyota Camry "could have been a silver or a beige." (ECF No. 61 at 8.) GEICO contends neither Uber nor Lyft "clearly and unequivocally state that none of their vehicles were at the accident scene." (ECF No. 54 at 9; ECF No. 61 at 8.) GEICO argues the testimony regarding the placards and the two passengers lends further support to Plaintiff's allegation the vehicle was either an Uber or Lyft vehicle. (ECF No. 54 at 8–9; ECF No. 61 at 10.)

"In order to sustain a common law cause of action in negligence, a plaintiff must prove four core elements: '(1) [a] duty of care, (2) [a] breach of [that] duty, (3) proximate cause, and (4) actual damages[.]'" *Polzo v. Cnty. of Essex*, 960 A.2d 375, 384 (N.J. 2008) (alterations in original) (quoting *Weinberg v. Dinger*, 524 A.2d 366, 374 (N.J. 1987)). "The threshold inquiry in a negligence action is whether the defendant owed the plaintiff a duty of care." *Holmes v. Kimco Realty Corp.*, 598 F.3d 115, 118 (3d Cir. 2010). "Under New Jersey law, 'whether a person owes a duty of reasonable care toward another turns on whether the imposition of such a duty satisfies an abiding sense of basic fairness under all of the circumstances in light of considerations of public policy.'" *Id.* (quoting *Monaco v. Hartz Mountain Corp.*, 840 A.2d 822, 833 (N.J 2004)).

Viewing the facts in the light most favorable to the non-moving parties, the record demonstrates Uber did not owe Plaintiff a duty of care at the time of the accident. It is undisputed that Plaintiff recalled seeing a "lit up" placard but could not recall the placard's color or what it said, and Mr. Vega recalled both Uber and Lyft placards on the vehicle but could not recall whether either placard was illuminated. (Lyft SMF ¶¶ 6–8, 11.) There is also no dispute that Uber conducted a search of its records for an Uber vehicle using the identifying parameters set by Plaintiff's and Mr. Vega's testimony and returned no records of a matching Uber vehicle at the scene. (Uber SMF ¶ 13.) The evidence is so one-sided that the Uber must prevail as a matter of law because no reasonable jury could return a verdict in Plaintiff's favor.[2] *See Anderson*, 477 U.S. at 251–52, 259

---

[2] Although GEICO would have the Court credit the testimony regarding the placard and passengers, it argues the same witnesses' testimony regarding the vehicle's identifying details should be viewed with suspicion. (*Compare* ECF No. 54 at 7 (arguing that "eyewitnesses are often mistaken as to key details like make, model, plate origin, and vehicle color") *with id.* at 9 (discussing eyewitness testimony regarding placards and passengers as support for Plaintiff's allegation the vehicle was an Uber vehicle).) The Court is prohibited from rendering such a credibility assessment of the witnesses' testimony. *See Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (explaining a district court may not make credibility determinations on a motion for summary judgment).

(explaining the summary judgment standard requires the court to assess "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law"); *Gorchock v. URS Corp.*, Civ. A. No. 19-1323, 2020 U.S. Dist. LEXIS 172233, at *11–12 (W.D. Pa. Sep. 21, 2020) (finding facts alleged were insufficient to demonstrate a connection between the work undertaken by the defendant at one location and the location of the accident as to invoke a duty of care). In the absence of a genuine dispute of material facts as to whether Uber owed a duty of care to Plaintiff, Uber's motion for summary judgment is **GRANTED**.

The Court reaches a different conclusion as to Lyft. Rice attests in her affidavit to a search in company records for a vehicle matching only Plaintiff's description. (Lyft SMF ¶ 14; GEICO Resp. Statement of Material Facts (ECF No. 61) ¶ 14.) However, Lyft has not foreclosed the possibility Plaintiff was hit by a Lyft vehicle fitting Mr. Vega's description. In other words, the evidence is not so one-sided that summary judgment is appropriate. Accordingly, Lyft's motion for summary judgment is **DENIED**.

IV. **CONCLUSION**

For the reasons set forth above, Uber's Motion for Summary Judgment (ECF No. 50) is **GRANTED**, and Lyft's Motion for Summary Judgment (ECF Nos. 49, 51) is **DENIED**. An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: August 31, 2022