


# RUDOLPH, KAYAL & ALMEIDA
### COUNSELORS AT LAW, P.A.

**STEPHEN A. RUDOLPH +**
*Certified by the Supreme Court as a Civil Trial Attorney*
**DARREN C. KAYAL**
*Certified by the Supreme Court as a Civil Trial Attorney*
**MANUEL J. ALMEIDA, JR. ***
*Certified by the Supreme Court as a Civil Trial Attorney*
**RUSSEL V. MANCINO**
**JOHN A. AMARI**
**KRISTIN J. VIZZONE**
**WILLIAM J. JEFFERY**

ATLANTIC CORPORATE CENTER
2317 HIGHWAY 34
SUITE 2-C
MANASQUAN, NEW JERSEY 08736

TEL: (732) 449-0190
FAX: (732) 974-9252

www.rudolphkayal.com

\* Also admitted in NY
+ Also admitted in PA

February 16, 2023

Direct Email: malmeida@rudolphkayal.com

Hon. Jose R. Almonte, U.S.M.J.
United States District Court for the
District of New Jersey
Dr. Martin Luther King Jr. Federal Courthouse
50 Walnut St., Room 5C
Newark, New Jersey 07102

RE:   Crincoli v. GEICO
      Docket No: 2:20-cv-3380-BRM-JRA
      Our File: 60219

Dear Judge Almonte:

Please accept the following in response to the February 10, 2023 letter filed with Your Honor by co-defendant Lyft.

It is first noted that Lyft did not meet and confer with me about their objections prior to filing the above letter with Your Honor as required by the local Rule 37.1. Had counsel done so, they would have readily obtained my consent for them to have additional time to respond to the notice to produce before depositions and we could have possibly reached agreement on their objections to the revised discovery demands.

I note by way of background, that the identical discovery demands were served on defendant Lyft on March 23, 2021. See **Exhibit A**, attached hereto. Lyft never provided any responsive answers to these discovery demands even after taking more than one year to respond. See Lyft response to NTP, **Exhibit B** attached hereto. Following the November 18, 2022 settlement conference, I reserved the same discovery demands on Lyft on November 30, 2022. See **Exhibit C** attached hereto. The only difference between the discovery demands served on Lyft in 2021 and 2022, and the ones served on February 2, 2023 is that the latest demands were limited as required by Your Honor's Order of January 6, 2023. See **Exhibit D**, attached hereto. It strains credulity for Lyft to assert that the short delay in revising these demands requires that they now be suppressed when they have possessed nearly identical demands from two years ago. Lyft should have been in

possession of all the information necessary to respond to the discovery demands two years ago when the more broad information was first requested.

With respect to the scope of the demands, it is noted that both plaintiff and his friend, Mr. Vega, made their observations of the alleged Lyft vehicle after a night of drinking and neither is particularly precise in their descriptions, which conflict in several regards. With respect to the time period of the request, plaintiff who said the accident happened "about 2:30 a.m." and Mr. Vega said it happened "around either 12:00 or 1:00 in the morning." (p. 47 and 27 of depositions, respectively). Given the testimony, the time period of the request should have been between midnight and 3:00 a.m. The demand already limits the date to July 7th so that is not an issue.

Regarding the make and color of the cars, it is noted that plaintiff and/or Mr. Vega are obviously wrong about the make of the car as Mr. Vega identified it as a Toyota Camry and plaintiff as a Nissan Maxima. Mr. Vega described the car as being "possibly silver or beige" and plaintiff recalled it being "white or silver." p. 36-37 and 60 of depositions, respectively. As the court can see in the articles attached hereto as **Exhibits E** and **F**, there are many cars that are nearly identical to the Toyota Camry or Nissan Maxima which could easily be mistaken by the witnesses. Should Lyft be permitted to not disclose that there was a silver Honda accord in the intersection at the time of the alleged accident? Therefore, we would ask that the demand for light colored cars of all makes be accepted or that Lyft simply provide a list of all cars of any type or color that were in or close (100 feet) to the intersection.

With respect to the license plate of the alleged Lyft vehicle, Mr. Vega had no idea of the state, color or number of the license plate, whereas plaintiff remembered it as a New York license plate with "TL" on the plate. (p. 77 and 65 of depositions, respectively). Once again given the inconsistencies in the witness testimony, it is submitted that the limitation in the revised demands is reasonable. Alternatively and most simply, Lyft can identify any vehicle in the intersection during the relevant time period. If there are none or none reasonably could be mistaken for a Camry or Maxima, the question of Lyft's involvement in the accident would be resolved.

As I discussed with Mr. Cerullo after he filed the letter to Your Honor, there is time within the current scheduling order for Lyft to respond to the discovery demands and conduct a deposition of their representatives before the time period set in the January Order.[1] I advised Mr. Cerullo that I will gladly give him any additional time that was consumed by the late revised demand and so long as the discovery is received with some reasonable time to review before the deposition. In any event, Mr. Cerullo has indicated that he likely will need into March before a Lyft representative with knowledge will be available for deposition. I am more than willing to work all of these issues out directly with counsel and these applications are a waste of Your Honor's time.

Franky, Lyft should be welcoming of providing additional discovery and openly seek to eliminate the factual issue that resulted in denial of their motion for summary judgment. Should the court disallow the additional supplemental discovery, the factual circumstances of the case will remain

---

[1] I did call Mr. Cerullo on 2/6 to discuss the matter, but he did not call back until 2/10, when I was out of the office for surgery. The letter to Your Honor was filed on the same day. I spoke with Mr. Cerullo on 2/14 when I returned to work.

Crincoli v. GEICO
2:20-CV-3380-BRM-JRA
Page 2

unchanged from the time of the denied summary judgment motion and Lyft can try the case along with GEICO.

Respectfully submitted,

MANUEL J. ALMEIDA, JR.
MJA/cjk
Encl.
cc:   Sarabraj S. Thapar, Esq.
      Susi K. Yanez, Esq.
      Christopher Cerullo, Esq.